SC

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Dean Davis, | No.   CV 14-0319-PHX-DLR (MEA) |
| Petitioner, | |
| vs. | **ORDER** |
| Joseph M. Arpaio, et al., | |
| Respondents. | |

Petitioner Michael Dean Davis, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed *In Forma Pauperis.* (Doc. 1, 9.) Petitioner recently filed a motion for expedited ruling, which will be granted to the extent set forth herein.  For the reasons discussed herein, the Court will dismiss the Petition and this action.

**I.     Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00.  Accordingly, the Application to Proceed *In Forma Pauperis* will be granted.  *See* LRCiv 3.5(b).

**II.    Petition**

Petitioner is charged in Maricopa County Superior Court in two cases, case ## CR2012-134932 and CR2012-139029, with resisting arrest and false reporting to law

enforcement with an offense date of July 1, 2012[1] and trafficking in stolen property and theft of the means of transportation with an offense date of January 21, 2012.[2] Trial is currently scheduled to begin on August 5, 2014.[3]

In his Petition, Petitioner names Joseph M. Arpaio as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner asserts that he has been wrongfully detained and falsely arrested. He asserts that he was denied a timely preliminary hearing warranting his release under state law. Petitioner also seeks the dismissal of his pending criminal charges with prejudice.

## III.   Federal Habeas Relief

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 concerning pending state criminal proceedings. A challenge to pretrial incarceration may be properly brought under 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254. *McNeeley v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003). Section 2241(c)(3) provides that "the writ of habeas corpus [extends to persons who are] ... in custody in violation of the Constitution or laws or treaties of the United States ...." However, "federal habeas relief does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge *prior* to a judgment of conviction by a state court." *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (emphasis added); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980) (explaining that for reasons of comity, a pretrial detainee must show special circumstances, in addition to the merits of a speedy trial claim, warranting federal intervention in state criminal proceedings and noting that "unlike the Double Jeopardy Clause, the Speedy Trial Clause, when raised as an affirmative defense, does not embody a right which is necessarily forfeited by delaying

---

[1]   *See* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2012-134932 (last visited June 27, 2014).

[2]   *See* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2012-139029 (last visited June 27, 2014).

[3]   *See* http://www.courtminutes.maricopa.gov/docs/Criminal/062014/m6359209.pdf (last visited June 27, 2014).

review until after trial."); *accord Brown v. Ahern*, 676 F.3d 899, 900-901 (9th Cir. 2012); *see Politano v. Miller*, No. Civil 08-238, 2008 WL 906300, at *4-5 (D. Minn. Mar. 31, 2008) (finding alleged speedy trial violation did not constitute special circumstance within *Braden* where petitioner sought dismissal of criminal charges, rather than immediate trial, and had not exhausted claim).

Further, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interceding in ongoing state criminal proceedings. The *Younger* abstention doctrine also applies while a case works its way through the state appellate process, if a prisoner is convicted. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989). Only in limited, extraordinary circumstances will the *Younger* doctrine not bar federal interference with ongoing (non-final) state criminal proceedings. Such circumstances include when a prisoner alleges that he is being subjected to double jeopardy. *See Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Speedy trial claims may also be reviewed *if* a detainee is seeking to compel the state to bring him to trial, rather than seeking dismissal of the charges, and the detainee has exhausted all of his state court remedies. *Braden*, 410 U.S. at 489-90; *see In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 18 & n.5 (1st Cir. 2000); *see also Humphrey v. Plummer*, 840 F. Supp.2d 1040, 1043 (S.D. Ohio 2011).

Because Petitioner seeks relief as to his pending state criminal charges, the Court construes his Petition as seeking relief under 28 U.S.C. § 2241. So construed, his Petition will be denied. Petitioner has not alleged any ground that falls within the very limited circumstances in which a federal court may intercede in ongoing state criminal proceedings under the *Younger* doctrine. He does not assert a violation of the Fifth Amendment's Double Jeopardy Clause, or facts to support such violation, nor does he allege that his speedy trial rights have been violated. Rather, Petitioner seeks the dismissal of his state criminal charges and his immediate release. Because Petitioner has not asserted a basis for a federal court to interfere in his pending state criminal

proceedings, his Petition and this action will be dismissed.

**IT IS ORDERED:**

(1)   Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 9) is **granted**.

(2)   Petitioner's motion for expedited ruling is **granted**.  (Doc. 11.)

(3)   The Petition and this action are dismissed without prejudice.  (Doc. 1.)

(4)   Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 9th day of July, 2014.

Douglas L. Rayes
United States District Judge